**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Stacy Chiappetta, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-03545 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Kellogg Sales Company, | |
| Defendant | Jury Trial Demanded |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Kellogg Sales Company ("Defendant") manufactures, distributes, markets, labels and sells toaster pastries purporting to contain filling from only strawberries ("Unfrosted Strawberry Pop Tarts" or "Product").



2.     The representations of "Strawberry," half of a fresh strawberry and a picture of the dark red fruit filling are misleading because they give consumers the impression the fruit filling contains only strawberries and/or more strawberries than it does.

3.     Research has shown that "consumers are eating fewer meals, yet snacking more than ever."[1]

4.     Defendant is aware that a greater percentage of consumers are eating more snacks and has emphasized the importance of fruit ingredients to make up for what "people don't get enough of at meals."[2]

5.     According to one company, "[A]s snacking increases, so too does the focus on healthy products and ingredients."[3]

6.     Many consumers seek snacks which are a "healthy indulgence," which is a "a treat with all the flavor and taste desired, without the guilt of eating something 'bad' for you," due to the presence of ingredients known to confer positive health benefits.[4]

7.     Strawberries are one of the foods American consumers increasingly turn to for adding value to all types of food and "the most popular berry fruit in the world."

8.     According to the U.S. Department of Food and Agriculture, "Americans now consume twice as many strawberries as they did two decades ago."[5]

9.     Reasons for consumers choosing strawberries over other fruits include its taste, texture and adaptability.

10.     More significant than the taste of strawberries though, according to WebMD, is the

---

[1] Elizabeth Louise Hatt, Snackin' in the sun, Winsight Grocery Business, May 1, 2013.
[2] The Story on Snacking, Kellogg's Nutrition.
[3] Mondelez Global, State of Snacking: 2020 Global Consumer Snacking Trends Study.
[4] FONA International, Trend Insight: Indulgence, November 28, 2018.
[5] The California Strawberry Commission, Consumer Trends: American Strawberry Consumption Doubles, May 7, 2013.

ability of strawberries to "protect your heart, increase HDL (good) cholesterol, lower your blood pressure, and guard against cancer."[6]

11.     These benefits are because strawberries have one of the highest levels of nutrient-density of all fruits.

12.     Strawberries are "an excellent source of vitamin C," necessary for immune and skin health.

13.     One serving of strawberries provides more vitamin C than an orange.[7]

14.     Strawberries have uniquely high levels of antioxidants known as polyphenols.[8]

15.     Polyphenols are micronutrients that naturally occur in plants.

16.     These polyphenols include flavonoids, ellagitannins, flavanols and phenolic acid.[9]

17.     Polyphenols prevent or reverse cell damage caused by aging and the environment, which is linked to greater risk of chronic diseases.

18.     It is not just consumers' subjective preferences which value strawberries over other fruits.

19.     Market price data confirms strawberries are the most expensive of the major fruits tracked by the Bureau of Labor Statistics ("BLS") in its research on consumer prices.

---

[6] Andrea Gabrick, Nutritional Benefits of the Strawberry, WebMD.com; María Teresa Ariza, et al. "Strawberry achenes are an important source of bioactive compounds for human health." *International journal of molecular sciences* 17.7 (2016): 1103.

[7] Adda Bjarnadottir, MS, RDN, Strawberries 101: Nutrition Facts and Health Benefits, Healthline.com, March 27, 2019; Sadia Afrin, et al. "Promising health benefits of the strawberry: a focus on clinical studies." *Journal of agricultural and food chemistry* 64.22 (2016): 4435-4449.

[8] Tamara Y. Forbes-Hernandez, et al. "The healthy effects of strawberry polyphenols: which strategy behind antioxidant capacity?." *Critical reviews in food science and nutrition* 56.sup1 (2016): S46-S59.

[9] Francesca Giampieri, et al. "Strawberry consumption improves aging-associated impairments, mitochondrial biogenesis and functionality through the AMP-activated protein kinase signaling cascade." *Food chemistry* 234 (2017): 464-471; Francesca Giampieri, et al. "The healthy effects of strawberry bioactive compounds on molecular pathways related to chronic diseases." *Annals of the New York Academy of Sciences* 1398.1 (2017): 62-71.

3



**Chart 1. Average fruit prices, 2004–2014**

Legend: Apples — Bananas — Oranges — Grapefruit — Lemons — Grapes — Strawberries

Shaded area represents a recession as determined by the National Bureau of Economic Research.
Click legend items to change data display. Hover over chart to view data.
Source: U.S. Bureau of Labor Statistics.

20.    According to BLS, apples are typically between $1.20 and $1.50 per pound while strawberries are no less than between $2 and $4 per pound.[10]

21.    Pears are equivalent to apples in price per pound.

22.    The cost of using more strawberry ingredient relative to apples and pears would be approximately several cents per Pop-Tart – not a significant addition to their price.

23.    The Product is unable to confer any of the health-related benefits because it has less strawberries than it purports to.

24.    Defendant promotes the strawberry content of the Product on its website by only mentioning strawberries, through pictures and statements.

25.    The Product's website shows consumers how to make a strawberry shortcake and the

---

[10] Stephen B. Reed, "Slicing through fruit price volatility," Beyond the Numbers: Prices and Spending, Vol. 3:28, Bureau of Labor Statistics, December 2014.

ingredients listed do not include pears and apples.[11]

# Featured Recipes



## Simple Strawberry Shortcake

10 MIN | 4 SERVINGS

# Ingredients:

4 Pop-Tarts® Strawberry toaster pastries

3 cups sliced fresh strawberries

1 tablespoon sugar

3/4 cup frozen fat-free non-dairy whipped topping, thawed

---

[11] Pop-Tarts® Strawberry, Kelloggs.com; Simple Strawberry Shortcake: Pop-Tarts® Strawberry, sliced strawberries and whipped topping make a shortcake that's super-simple and super-scrumptious.

26.     However, the Product contains less strawberries than consumers expect, as the ingredient list reveals the "strawberry" filling contains pears and apples.



**Ingredients: Enriched flour** (wheat flour, niacin, reduced iron, vitamin B1 [thiamin mononitrate], vitamin B2 [riboflavin], folic acid), **corn syrup**, **high fructose corn syrup, dextrose, soybean and palm oil** (with TBHQ for freshness), **sugar, bleached wheat flour**.

**Contains 2% or less of** wheat starch, salt, dried strawberries, dried pears, dried apples, leavening (baking soda, sodium acid pyrophosphate, monocalcium phosphate), citric acid, modified wheat starch, caramel color, xanthan gum, soy lecithin, red 40, yellow 6.

27.     The Product's name, "Strawberry Pop Tarts," is misleading because it includes strawberries but does not include pears and apples, even though these fruits are in the small print on the ingredient list.

28.     Based on rough comparisons, it is likely that the Product has a greater amount of non-strawberry ingredients than strawberry ingredients.

29.     This is based on all three of the fruit filling components being listed at less than two percent.

30.     Even though there is more strawberry ingredient than pears and apples, back-of-the-envelope calculations can conclude that the combined total of pears and apples exceed the strawberry content.

31.     Beyond including less strawberries in the Product, it contains red 40, a synthetic food

coloring made from petroleum.

32.     Red 40 makes the strawberry-pear-apple combination look bright red, as seen on the front label.

33.     This furthers consumers' impression that the Product contains more strawberries than it does.

34.     Artificial food dyes are an easy way for "manufacturers to make processed foods brighter and more appealing when you see it on a shelf in the grocery store."

35.     According to one website, "Artificial dyes are also used to help hide the fact that many processed foods don't contain much (or any) of the nutrients or foods they claim to have."[12]

36.     Without Red 40, consumers would be suspect of a product labeled as only having strawberries, because the filling would be a more subdued tone instead of the bright red.

37.     This could cause consumers to inspect the ingredient list to determine the truth.

38.     However, reasonable consumers are not so distrustful to think they will be misled when buying a well-known product like the Pop-Tarts from Kellogg's here.

39.     Additionally, though Red 40 "has been approved by the FDA for use in food products and must be listed as an ingredient on labels, it has been banned at one time or another throughout Australia and most of Europe due to health concerns" – it is connected with learning disorders and hyperactivity in children.

40.     Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud Plaintiff and consumers.

41.     Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like

---

[12] Amen Clinics, Brain Health Guide To Red Dye #40, AmenClinics.com, June 14, 2016

Plaintiff.

42. The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by Defendant.

43. Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

44. As a result of the false and misleading labeling, the Product is an sold at a premium price, approximately no less than $5.49 for 12 Pop-Tarts (20.3 OZ), excluding tax, compared to other similar products represented in a non-misleading way, and higher than the price of the Product if it were represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

45. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

46. Plaintiff Stacy Chiappetta is a citizen of Illinois.

47. Defendant Kellogg Sales Company, is a Delaware corporation with a principal place of business in Battle Creek, Calhoun County, Michigan.

48. "Minimal diversity" exists because Plaintiff Stacy Chiappetta and Defendant are citizens of different states.

49. Upon information and belief, sales of the Product in Illinois exceed $5 million per year, based on sales and/or statutory damages, exclusive of interest and costs.

50. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this District, *viz*, the decision of plaintiff to purchase the Product and the misleading representations and/or their recognition as such.

51. This court has personal jurisdiction over Defendant because it conducts and transacts

business, contracts to supply and supplies goods within New York.

Parties

52.     Plaintiff is a citizen of Park Forest, Cook County, Illinois.

53.     Defendant Kellogg Sales Company is a Delaware corporation with a principal place of business in Battle Creek, Michigan, Calhoun County and is a citizen of Michigan and Delaware.

54.     Defendant is one of the largest food manufacturers in the world.

55.     Defendant is known as a pioneer of breakfast foods – Special K, Corn Flakes, Nutri-Grain Bars and Pop-Tarts, among other items.

56.     The Product is available to consumers from retail and online stores of third-parties and is sold in various packaging – single serve, regular packs, jumbo-packs, etc.

57.     During the relevant statutes of limitations, plaintiff purchased the Product within her district and/or State for personal and household consumption and/or use in reliance on the representations of the Product.

58.     Plaintiff Stacy Chiappetta purchased the Product on one or more occasions, during the relevant period, at stores including but not necessarily limited to, Jewel Osco, 3220 Chicago Road Chicago Heights IL 60411, in or around March 2021.

59.     Plaintiff bought the Product at or exceeding the above-referenced prices because she wanted a product with an appreciable amount of strawberries, expected it to contain more strawberries than it did and/or only strawberries as part of its fruit filling due to the Product's name, coupled with the dark red color of the food in the label image.

60.     Plaintiff desired more than a taste of strawberries but the benefits of consuming strawberries, and she received neither, because the amount of strawberry in the Product was not sufficient to provide them.

61.     Plaintiff was deceived by and relied upon the Product's deceptive labeling.

62.     Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

63.     The Product was worth less than what Plaintiff paid for it and she would not have paid as much absent Defendant's false and misleading statements and omissions.

64.     Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's labels are consistent with the Product's components.

<u>Class Allegations</u>

65.     The class will consist of all purchasers of the Product who reside in Illinois during the applicable statutes of limitations.

66.     Plaintiff will seek class-wide injunctive relief based on Rule 23(b) in addition to monetary relief class.

67.     Common questions of law or fact predominate and include whether Defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

68.     Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

69.     Plaintiff is an adequate representatives because her interests do not conflict with other members.

70.     No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

71.     Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

72.     Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

73. Plaintiff seeks class-wide injunctive relief because the practices continue.

## Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, et seq.

74. Plaintiff incorporates by reference all preceding paragraphs.

75. Plaintiff and class members desired to purchase and consume products which were as described and marketed by Defendant and expected by reasonable consumers, given the product type.

76. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

77. Defendant misrepresented the substantive, quality, compositional, nutritional, sensory, and/or organoleptic attributes of the Product.

78. Plaintiff relied on the statements, omissions and representations of Defendant, and Defendant knew or should have known the falsity of same.

79. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Negligent Misrepresentation

80. Plaintiff incorporates by reference all preceding paragraphs.

81. Defendant misrepresented the substantive, quality, compositional, nutritional, sensory, and/or organoleptic attributes of the Product.

82. Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

83. This duty is based on Defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

84. The representations took advantage of consumers' cognitive shortcuts made at the

11

point-of-sale and their trust in Defendant, a well-known and respected brand or entity in this sector.

85.    Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

86.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*</u>

87.    Plaintiff incorporates by reference all preceding paragraphs.

88.    The Product was manufactured, labeled and sold by Defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, quality, compositional, nutritional, sensory, and/or organoleptic attributes which they did not.

89.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

90.    This duty is based, in part, on Defendant's position as one of the most recognized companies in the nation in this sector.

91.    Plaintiff provided or will provide notice to Defendant, its agents, representatives, retailers and their employees.

92.    Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

93.    The Product did not conform to its affirmations of fact and promises due to Defendant's actions and were not merchantable.

94.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

95.    Plaintiff incorporates by reference all preceding paragraphs.

96.    Defendant misrepresented the substantive, quality, compositional, nutritional, sensory, and/or organoleptic attributes of the Product.

97.    Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label, when it knew its statements were neither true nor accurate and misled consumers.

98.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

99.    Plaintiff incorporates by reference all preceding paragraphs.

100.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1.    Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2.    Entering preliminary and permanent injunctive relief by directing Defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary and statutory damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   July 1, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

14