# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACY CHIAPPETTA, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>KELLOGG SALES COMPANY,<br><br>      Defendant. | Case No. 1:21-CV-03545<br><br>The Hon. Marvin E. Aspen |

## REPLY IN SUPPORT OF KELLOGG SALES COMPANY'S
## MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

**JENNER & BLOCK LLP**

Dean N. Panos
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
Fax: (312) 527-0484

Alexander M. Smith
asmith@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199

Attorneys for Defendant
Kellogg Sales Company

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ..........................................................................................................1

ARGUMENT ...............................................................................................................2

I.     Plaintiff Has Not Plausibly Alleged That Kellogg's Labeling Is Deceptive. ....................2

     A.     The labeling of Strawberry Pop-Tarts does not mislead reasonable
consumers as to the amount of strawberries in the filling. ....................................2

     B.     Plaintiff's reliance on *Bell* and *Mantikas* is misplaced. ...........................................3

          1.     "Strawberry" refers to the Pop-Tarts' flavor, not their ingredients. ...........4

          2.     *Mantikas* and *Bell* are also distinguishable on their facts. ..........................7

     C.     The Pop-Tarts' labeling does not suggest the products are healthy.......................9

     D.     The use of red food coloring is not misleading.....................................................10

II.     Plaintiff Has Not Stated a Viable Breach of Warranty Claim. ..........................................10

III.     Plaintiff's Remaining Common-Law Claims Are Also Fatally Defective. .......................12

IV.     This Court Should Dismiss Plaintiff's Claim for Injunctive Relief...................................14

CONCLUSION............................................................................................................15

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................9, 13

*Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*,
   493 F.3d 841 (7th Cir. 2007) .......................................................................14

*Baldwin v. Star Sci., Inc.*,
   78 F. Supp. 3d 724 (N.D. Ill. 2015) ............................................................11

*Barbara's Sales, Inc. v. Intel Corp.*,
   879 N.E.2d 910 (Ill. 2007) ............................................................................4

*Bell v. Publix Super Markets, Inc.*,
   982 F.3d 468 (7th Cir. 2020) ................................................................ *passim*

*In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*,
   155 F. Supp. 2d 1069 (S.D. Ind. 2001) ...................................................11, 12

*Brumfield v. Trader Joe's Co.*,
   No. 17-3239, 2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018)........................5

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
   761 F.3d 732 (7th Cir. 2014) ...................................................................14, 15

*Cheslow v. Ghirardelli Chocolate Co.*,
   445 F. Supp. 3d 8 (N.D. Cal. 2020) ............................................................10

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983)........................................................................................14

*Cleary v. Philip Morris Inc.*,
   656 F.3d 511 (7th Cir. 2011) .......................................................................14

*Congregation of the Passion v. Touche Ross & Co.*,
   636 N.E.2d 503 (Ill. 1994)...........................................................................13

*Connick v. Suzuki Motor Co.*,
   675 N.E.2d 584 (Ill. 1996)...........................................................................12

*Cosgrove v. Blue Diamond Growers*,
   No. 19-8993, 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020) ......................5, 6

*Cosgrove v. Oregon Chai*,
    520 F. Supp. 3d 562 (S.D.N.Y. 2021) ............................................................................8

*Cruz v. D.F. Stauffer Biscuit Co.*,
    No. 20-2402, 2021 WL 5119395 (S.D.N.Y. Nov. 4, 2021) ............................................5

*Davis v. Hain Celestial Grp., Inc.*,
    297 F. Supp. 3d 327 (E.D.N.Y. 2018) ..........................................................................10

*Davis v. SPSS, Inc.*,
    385 F. Supp. 2d 697 (N.D. Ill. 2005) ...........................................................................13

*Elward v. Electrolux Home Prods., Inc.*,
    214 F. Supp. 3d 701 (N.D. Ill. 2016) ...........................................................................11

*Geske v. PNY Techs., Inc.*,
    503 F. Supp. 3d 687 (N.D. Ill. 2020) ...........................................................................15

*Grabowski v. Dunkin' Brands, Inc.*,
    No. 17-5069, 2017 WL 6059966 (N.D. Ill. Dec. 7, 2017) ..............................................7

*Guajardo v. Skechers USA, Inc.*,
    503 F. Supp. 3d 746 (C.D. Ill. 2020) ...........................................................................11

*Guarjardo v. Skechers USA, Inc.*,
    No. 19-4104, 2021 WL 4302532 (C.D. Ill. Sept. 21, 2021) ..........................................14

*Harris v. Mondelēz Global LLC*,
    No. 19-2249, 2020 WL 4336390 (E.D.N.Y. July 28, 2020) .......................................3, 9

*Ibarrola v. KIND, LLC*,
    83 F. Supp. 3d 751 (N.D. Ill. 2015) .............................................................................12

*Jamison v. Summer Infant (USA), Inc.*,
    778 F. Supp. 2d 900 (N.D. Ill. 2011) .............................................................................4

*Jones v. Apple, Inc.*,
    No. 15-249, 2016 WL 11647699 (S.D. Ill. Aug. 22, 2016) ..........................................12

*Kennedy v. Mondelēz Global LLC*,
    No. 19-302, 2020 WL 4006197 (E.D.N.Y. July 10, 2020) .............................................3

*Le v. Kohls Department Stores, Inc.*,
    160 F. Supp. 3d 1096 (E.D. Wis. 2016) .......................................................................14

*Leiner v. Johnson & Johnson Consumer Cos.*,
    215 F. Supp. 3d 670 (N.D. Ill. 2016) ...........................................................................15

*Manley v. Hain Celestial Grp., Inc.*,
  417 F. Supp. 3d 1114 (N.D. Ill. 2019) ..............................................................3, 11

*Mantikas v. Kellogg Co.*,
  910 F.3d 633 (2d Cir. 2018).........................................................................1, 4, 7, 8

*McDonnell v. Nature's Way Prods., LLC*,
  No. 16-5011, 2017 WL 1149336 (N.D. Ill. Mar. 28, 2017) .................................15

*McKinnis v. Kellogg USA*,
  No. 07-2611, 2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) ...............................10

*McNair v. Synapse Grp., Inc.*,
  672 F.3d 213 (3d Cir. 2012).................................................................................15

*Mednick v. Precor, Inc.*,
  No. 14-3624, 2016 WL 5390955 (N.D. Ill. Sept. 27, 2016)...........................14, 15

*In re Michaels Stores Pin Pad Litig.*,
  830 F. Supp. 2d 518 (N.D. Ill. 2011) ...................................................................13

*Moorman Mfg. Co. v. Nat'l Tank Co.*,
  435 N.E.2d 443 (Ill. 1982) ...................................................................................13

*O'Connor v. Ford Motor Co.*,
  477 F. Supp. 3d 705 (N.D. Ill. 2020) ...................................................................12

*Puri v. Costco Wholesale Corp.*,
  No. 21-1202, 2021 WL 6000078 (N.D. Cal. Dec. 20, 2021).................................9

*In re Rust-Oleum Restore Mktg., Sales Practices & Prods. Liab. Litig.*,
  155 F. Supp. 3d 772 (N.D. Ill. 2016) ...................................................................13

*Sarr v. BEF Foods, Inc.*,
  No. 18-6409, 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) ....................................3

*Schiesser v. Ford Motor Co.*,
  No. 16-730, 2016 WL 6395457 (N.D. Ill. Oct. 28, 2016) ....................................12

*Solak v. Hain Celestial Grp., Inc.*,
  No. 17-704, 2018 WL 1870474 (N.D.N.Y. Apr. 17, 2018)................................2, 9

*Spector v. Mondelēz Int'l, Inc.*,
  178 F. Supp. 3d 657 (N.D. Ill. 2016) ...................................................................11

*Steele v. Wegmans Food Mkts.*,
  472 F. Supp. 3d 47 (S.D.N.Y. 2020).....................................................................5

*Stiles v. Trader Joe's Co.*,
No. 16-4318, 2017 WL 3084267 (C.D. Cal. Apr. 4, 2017) ......................................5

*Tarzian v. Kraft Heinz Foods Co.*,
No. 18-7148, 2019 WL 5064732 (N.D. Ill. Oct. 9, 2019) .......................................15

*Tropp v. Prairie Farms Dairy, Inc.*,
No. 20-1035, 2021 WL 5416639 (W.D. Wis. Nov. 19, 2021) ..................................5

*Weaver v. Champion Petfoods, Inc.*,
3 F.4th 927 (7th Cir. 2021) ..............................................................................1, 3, 8

*Werbel v. Pepsico, Inc.*,
No. 09-2673860 (N.D. Cal. July 2, 2010)..............................................................10

*Winston v. Hershey Co.*,
No. 19-3735, 2020 WL 8025385 (E.D.N.Y. Oct. 26, 2020)....................................10

*Wynn v. Topco Assocs., LLC*,
No. 19-11104, 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) .....................................4

*Zahora v. Orgain, LLC*,
No. 21-705, 2021 WL 5140504 (N.D. Ill. Nov. 4, 2021) .....................................6, 8

## Statutes

810 ILCS 5/2-607(3)(a) ..................................................................................11, 12

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*...........................................12

## Other Authorities

Fed. R. Civ. P. 9(b) ...........................................................................................13

## INTRODUCTION

At no point in her opposition brief does Plaintiff dispute that the filling of Strawberry Pop-Tarts contains strawberries or that it tastes like strawberries. Nor could she, as she expressly alleges in her complaint that "there is more strawberry ingredient than pears and apples." Compl. ¶ 30. Instead, Plaintiff doubles down on her implausible theory that it is misleading to highlight the presence of strawberries because the filling also contains other fruits. But none of the challenged strawberry representations—including the word "Strawberry" and a strawberry vignette on the packaging—even remotely suggest that strawberries are the sole fruit, or even the predominant fruit, in the filling. Absent any specific representation as to the *amount* of strawberries in the filling, Plaintiff has not stated a plausible claim of deception.

Plaintiff asserts that Kellogg's position is foreclosed by the Seventh Circuit's opinion in *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468 (7th Cir. 2020) and the Second Circuit's opinion in *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018). But Plaintiff's reliance on those decisions, which concerned representations about a product's *ingredients*, erroneously assumes that the term "strawberry" refers to the Pop-Tarts' ingredients as opposed to their flavor. And in any event, neither *Bell* nor *Mantikas* permit Plaintiff to hold Kellogg liable based on her subjective and unreasonable belief that the filling of Strawberry Pop-Tarts contains no fruits (or only a "de minimis" amount of fruits) other than strawberries. Indeed, as the Seventh Circuit emphasized after it decided *Bell*, "references to ingredients used do not imply that ingredient is used exclusively." *Weaver v. Champion Petfoods, Inc.*, 3 F.4th 927, 937 (7th Cir. 2021). That commonsense principle—which many other courts have endorsed—is fatal to Plaintiff's lawsuit.

Plaintiff's opposition brief misses the mark in many other respects. Despite her insistence to the contrary, nothing about the labeling of Strawberry Pop-Tarts suggests they have the "health-

1

related benefits" associated with fresh strawberries. Nor has Plaintiff plausibly alleged that the use of red food dye falsely exaggerates the amount of strawberries in the filling. While Plaintiff attempts to salvage her common-law claims, these claims all suffer from independent defects that require her dismissal. And in any event, even if her claims were plausible (which they are not), she cannot seek injunctive relief: now that she is aware that the filling of Strawberry Pop-Tarts also contains apples and pears, she faces no risk that she will be "deceived" in the future and accordingly lacks standing to seek an injunction. Plaintiff's lawsuit is uniformly implausible, and this Court should dismiss her complaint with prejudice and without leave to amend.

## **ARGUMENT**

### I. **Plaintiff Has Not Plausibly Alleged That Kellogg's Labeling Is Deceptive.**

#### A. **The labeling of Strawberry Pop-Tarts does not mislead reasonable consumers as to the amount of strawberries in the filling.**

Plaintiff does not dispute that the labeling of Strawberry Pop-Tarts—which features the word "Strawberry," a vignette of a strawberry, and an image of a Pop-Tart bursting with red filling—does not state that strawberries are the only fruit in the filling. Nor does she identify a single representation on the label as to the *amount* of strawberries in the filling. She nonetheless insists that Kellogg's labeling is misleading because it suggests that "the fruit filling contains only strawberries, or, at a minimum, a greater amount of [strawberry] ingredients than [non-] strawberry ingredients." Opp'n at 5 (citations and internal citations omitted) (second alteration in original).

But courts have routinely held that the use of similar representations—such as a "picture of a fresh tomato, a fresh potato, and fresh spinach" on the labeling of Garden Veggie Straws— does not suggest to reasonable consumers that the featured ingredients are "present in an amount greater than is actually the case." *Solak v. Hain Celestial Grp., Inc.*, No. 17-704, 2018 WL 1870474, at *1–2 (N.D.N.Y. Apr. 17, 2018). In dismissing similar food labeling cases filed by

Plaintiff's counsel, many courts have emphasized that a reference to one ingredient "does not necessarily mislead from the truth that the advertised ingredient may have been combined with another."[1] *Harris v. Mondelēz Global LLC*, No. 19-2249, 2020 WL 4336390, at *3 (E.D.N.Y. July 28, 2020) (dismissing lawsuit challenging similar "cocoa" representation on OREO cookies). Indeed, the Seventh Circuit expressly referenced this line of cases in holding that "references to ingredients used do not imply that ingredient is used exclusively." *Weaver*, 3 F.4th at 937.

Here too, the representations Plaintiff challenges do not state, or even imply, that strawberries are the only fruit in the filling. Instead, they accurately suggest that the Pop-Tarts taste like strawberries and look like the toaster pastries depicted on the labeling. And even if Plaintiff were correct that the term "strawberry" implies the presence of strawberries, she does not dispute that the filling of Strawberry Pop-Tarts contains strawberries; in fact, she openly alleges that "there is more strawberry ingredient than pears or apples." Compl. ¶ 30. It is accordingly not misleading for Kellogg to use the term "Strawberry" on the labeling or to highlight the product's strawberry flavor. Even if Plaintiff were correct that Kellogg's strawberry representations are "insufficiently specific" (which is false), that does not establish that its labeling is "actionable under the ICFA." *Manley v. Hain Celestial Grp., Inc.*, 417 F. Supp. 3d 1114, 1119 (N.D. Ill. 2019).

### B. Plaintiff's reliance on *Bell* and *Mantikas* is misplaced.

Plaintiff claims that Kellogg's cited cases are "uniformly based on [the] principle . . . that if a label [is] 'ambiguous,' the reasonable consumer is charged with a 'duty to investigate' to learn

---

[1] *See also, e.g.*, *Sarr v. BEF Foods, Inc.*, No. 18-6409, 2020 WL 729883, at *4 (E.D.N.Y. Feb. 13, 2020) (dismissing lawsuit brought by Plaintiff's counsel alleging that mashed potatoes were "made with real butter" because they also contained margarine); *Kennedy v. Mondelēz Global LLC*, No. 19-302, 2020 WL 4006197, at *11–12 (E.D.N.Y. July 10, 2020) (dismissing lawsuit brought by Plaintiff's counsel alleging that the statements "made with real honey," "Honey Maid," and "no high fructose corn syrup" falsely implied that "honey is the only sweetener used, that only pure honey (not a honey-blend) is used . . . and that honey is the exclusive or predominant sweetener").

the truth." Opp'n at 3. This argument is a red herring. Kellogg never argued that its front-label strawberry representations are "ambiguous" or that consumers have a "duty to investigate" the ingredient list to ascertain the relative amounts of strawberries, pears, and apples. Instead, the core flaw in Plaintiff's lawsuit is that no reasonable consumer would interpret the challenged strawberry representations—including the word "Strawberry," a vignette of a strawberry, or an image of a Strawberry Pop-Tart—to mean that the filling consists only, or even mostly, of strawberries. And while Plaintiff claims that *Bell* and *Mantikas* illustrate the plausibility of her claims, those decisions are distinguishable for at least two key reasons.[2]

1. "Strawberry" refers to the Pop-Tarts' flavor, not their ingredients.

At the outset, *Bell* and *Mantikas* are distinguishable because they involved labeling claims that indisputably related to the products' ingredients rather than their flavor. In *Bell*, the plaintiffs alleged that the statement "100% Grated Parmesan Cheese" was misleading because the product contained other ingredients, including cellulose and potassium sorbate. *See Bell*, 982 F.3d at 481–82. Similarly, in *Mantikas*, the plaintiffs alleged that various "whole grain" claims on the labeling of Whole Grain Cheez-It crackers were misleading because the product contained more enriched white flour than whole grains. *See Mantikas*, 910 F.3d at 636–37; *see also Wynn v. Topco Assocs., LLC*, No. 19-11104, 2021 WL 168541, at *4 (S.D.N.Y. Jan. 19, 2021) (noting that the "claim on

---

[2] The remaining cases Plaintiff cites do not assist her either. *Jamison v. Summer Infant (USA), Inc.*, concerned allegations that a defendant had concealed material facts about the security and encryption of its monitors, rather than allegations that the defendant's labeling was affirmatively misleading. 778 F. Supp. 2d 900, 911 (N.D. Ill. 2011). That holding has no application here: Plaintiff's lawsuit is not premised on alleged omissions, and there is no plausible basis to allege that the packaging conceals or omits any information about the amount of strawberries in the filling. And while Plaintiff cites the Illinois Supreme Court's decision in *Barbara's Sales, Inc. v. Intel Corp.*, 879 N.E.2d 910 (Ill. 2007), this decision does not remotely support her claims. To the contrary, *Barbara's Sales* affirmed the dismissal of a similar consumer fraud lawsuit against Intel and held that its product representations were not deceptive as a matter of law. *See id.* at 926. Neither of these cases come close to salvaging Plaintiff's implausible theory of deception.

the Cheez-It box in that case . . . was an express claim about ingredients"). Here, in contrast, the challenged "strawberry" representations relate to the Pop-Tarts' *flavor*—not their *ingredients*.

The term "strawberry" and the image of a strawberry on the box not only communicate to consumers that Strawberry Pop-Tarts taste like strawberries, but also help consumers distinguish between different varieties of Pop-Tarts. Just as the term "vanilla" would help a consumer differentiate a pint of vanilla ice cream from a pint of chocolate or butter pecan ice cream, the term "strawberry" helps consumers differentiate between Kellogg's many flavors of Pop-Tarts, such as Apple, Blueberry, Frosted Chocolate Fudge, and Peach Cobbler. *See, e.g.*, *Steele v. Wegmans Food Mkts.*, 472 F. Supp. 3d 47, 50 (S.D.N.Y. 2020) ("The buyer's first desire is for ice cream, and when he is in the frozen food area he must select[] from many choices (chocolate, lemon, mint, lime, etc.) the one he wants. Thus the large-type 'Vanilla' is of immediate use."). Here, there is no dispute that Strawberry Pop-Tarts taste like strawberries. It is accordingly not misleading for Kellogg to refer to them as "Strawberry Pop-Tarts" and to highlight their strawberry flavor. *See Cruz v. D.F. Stauffer Biscuit Co.*, No. 20-2402, 2021 WL 5119395, at *6 (S.D.N.Y. Nov. 4, 2021) ("Plaintiffs do not allege that the Product does not taste like lemons, and therefore a consumer reasonably expecting a lemon-flavored cookie as a result of the packaging is not misled.").

Consistent with that reasoning, courts throughout the country have dismissed similar lawsuits premised on the theory that representations about a product's flavor implied the presence of certain ingredients.[3] Plaintiff asserts that *Bell* precludes this Court from determining that the

---

[3] *See, e.g.*, *Tropp v. Prairie Farms Dairy, Inc.*, No. 20-1035, 2021 WL 5416639, at *4 (W.D. Wis. Nov. 19, 2021) (dismissing lawsuit challenging "vanilla" representations and noting that this term merely "conveys what the product tastes like, not *why* it tastes that way or what the source of the flavor is"); *Cosgrove v. Blue Diamond Growers*, No. 19-8993, 2020 WL 7211218, at *3 (S.D.N.Y. Dec. 7, 2020) (similar); *Brumfield v. Trader Joe's Co.*, No. 17-3239, 2018 WL 4168956, at *1–2 (S.D.N.Y. Aug. 30, 2018) (dismissing lawsuit alleging that labeling of Trader Joe's "Black Truffle Flavored Extra Virgin Olive Oil" falsely suggested that the product "contains real truffles"); *Stiles*

"strawberry" representations refer to the product's flavor, as opposed to its ingredients, at the pleading stage.[4]  *See* Opp'n at 7.  But that is false, as courts following *Bell* have held—even at the pleading stage—that a labeling claim refers only to a product's flavor and not to its ingredients.

*Zahora v. Orgain, LLC* is instructive.  There, Judge Kendall dismissed a lawsuit—brought by Plaintiff's counsel here—alleging that the phrase "Vanilla Bean Flavor," combined with an image of a vanilla bean and a vanilla flower, was misleading because the product contained a "negligible amount of authentic vanilla." No. 21-705, 2021 WL 5140504, at *1 (N.D. Ill. Nov. 4, 2021).  In so holding, Judge Kendall concluded that "a reasonable consumer's reading of the label would only lead her to expect a vanilla bean *flavor* from the Product, however that flavor might be derived." *Id.* at *4.  Absent "words such as 'made with vanilla beans' or 'contains vanilla beans,'" Judge Kendall found that "[a] reasonable consumer would not read into the label what is simply not there: namely, a guarantee that most of the flavor would come from vanilla beans." *Id.*

Here, as in *Zahora*, Strawberry Pop-Tarts do not purport to be "made with" strawberries, to "contain" strawberries, or to include any specific amount of strawberries; in fact, the labeling makes no express representations about the product's ingredients at all.  Without any such

---

*v. Trader Joe's Co.*, No. 16-4318, 2017 WL 3084267, at *1 (C.D. Cal. Apr. 4, 2017) (dismissing lawsuit alleging that "Maple and Brown Sugar" representations on breakfast products implied the presence of maple syrup or maple sugar).  While Plaintiff attempts to distinguish *Cosgrove* based on the fact that vanilla "is not known to have any significant nutritive value" (Opp'n at 8), that distinction is unpersuasive because it assumes, contrary to plausibility and common sense, that consumers purchased Strawberry Pop-Tarts for their "nutritive value."  *See infra* § I.C.

[4] Plaintiff also asserts that this Court must credit her purportedly "nonconclusory factual allegations" that she "desired more than a taste of strawberries but the benefits of consuming strawberries."  Opp'n at 7 (citations and internal quotation marks omitted).  But as explained later, no reasonable consumer would conclude that Strawberry Pop-Tarts provide any of the "benefits" allegedly associated with consuming fresh strawberries.  *See infra* § I.C.  Plaintiff's explanation for why she associated the term "strawberry" with the product's ingredients is accordingly implausible, and this Court need not accept it as true.  *Cf. Bell*, 982 F.3d at 477 ("[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified.").

representation, it is simply not plausible that a reasonable consumer would assume that the word "Strawberry," an image of a strawberry, or a picture of a Pop-Tart stuffed with red filling refer to the product's ingredients—let alone that they imply the predominance of strawberries over other fruit ingredients.  The Court should reject Plaintiff's implausible interpretation of the labeling.

### 2.    *Mantikas* and *Bell* are also distinguishable on their facts.

Even assuming for argument's sake that the challenged "strawberry" representations referred to Strawberry Pop-Tarts' ingredients as opposed to their flavor, they are not misleading because the filling indisputably contains a significant amount of strawberries.[5]  Indeed, as Plaintiff states in her complaint, "there is more strawberry ingredient than pears and apples."  Compl. ¶ 30. While Plaintiff claims that *Bell* and *Mantikas* support her interpretation of the labeling (*i.e.*, that the filling consists exclusively or primarily of strawberries), neither case supports her theory.

In *Bell*, the Seventh Circuit held that the plaintiffs had plausibly alleged that the defendants had mislabeled their parmesan cheese products as "100% Grated Parmesan Cheese" because the products contained other ingredients.  *See Bell*, 982 F.3d at 482.  In so holding, the court emphasized that it had "no quarrel with defendants' ability to call their products 'grated cheese'"; instead, the court stated, "[t]he problem lies in the '100%.'"  *Id.* at 481.  But in contrast to *Bell*, where the use of the term "100%" plausibly suggested the products contained nothing but cheese, the packaging of Strawberry Pop-Tarts does not claim that the filling is "100% Strawberry" or otherwise reference the *amount* of strawberries in the filling.  *Bell* has no application to this case.

---

[5] The presence of strawberries in the filling also distinguishes this case from *Grabowski v. Dunkin' Brands, Inc.*, in which the defendant labeled its products with the word "blueberry" even though they "contain[ed] no actual blueberries."  No. 17-5069, 2017 WL 6059966, at *1 (N.D. Ill. Dec. 7, 2017).  Nothing in *Grabowski* suggests consumers would interpret the Pop-Tarts' labeling to mean the product "contain[s] more strawberry than non-strawberry ingredients."  Opp'n at 8.

Similarly, in *Mantikas*, the Second Circuit concluded that the plaintiffs had plausibly alleged that the labeling of Whole Grain Cheez-It crackers—which included the statements "WHOLE GRAIN," "MADE WITH WHOLE GRAIN," and "MADE WITH 5G [or 8G] WHOLE GRAIN"—was misleading because the product contained more enriched white flour than whole grain.[6] *Mantikas*, 910 F.3d at 636–37. But the Second Circuit expressly distinguished this theory of deception from the one Plaintiff advances here—*i.e.*, that the labeling incorrectly led consumers to believe that "the product contained a significant quantity of a particular ingredient." *Id.* at 637. To that end, the Second Circuit expressly distinguished its holding from three cases in which the labeling allegedly exaggerated the amount of fruits and vegetables present in the challenged products. *See id.* at 637–38. Plaintiff's theory of deception—*i.e.*, that Kellogg's use of the term "strawberry" and a strawberry vignette misled consumers into believing that strawberries are the exclusive or predominant fruit ingredient in the filling—is the precise theory that the Second Circuit went out of its way *not* to endorse in *Mantikas*.

In short, *Bell* and *Mantikas* do not hold—or even suggest—that merely mentioning a fruit on a product's labeling implies to reasonable consumers that it is the exclusive or predominant ingredient in the product. *See Weaver*, 3 F.4th at 937. Even if doing so *might* suggest that the product contains some amount of that ingredient (which it does not), Plaintiff does not dispute that Strawberry Pop-Tarts contain strawberries and derive their signature strawberry taste from strawberries. Absent any representation suggesting that strawberries are the exclusive or predominant fruit in the filling, this Court should dismiss Plaintiff's implausible lawsuit.

---

[6] Notably, several courts have limited *Mantikas*'s holding to cases in which the packaging states that the product is "made with" (or "contains") a particular ingredient. *See, e.g., Zahora*, 2021 WL 5140504, at *4; *Cosgrove v. Oregon Chai*, 520 F. Supp. 3d 562, 582 (S.D.N.Y. 2021) (dismissing lawsuit challenging labeling of vanilla chai tea mix where the label did not include "any reference to the product being 'made with' or 'made from' any part of the vanilla plant").

### C. The Pop-Tarts' labeling does not suggest the products are healthy.

While Plaintiff continues to assert that the "nutritional properties of strawberries" are important to consumers and bolster consumers' expectation that the filling consists primarily of strawberries (Opp'n at 9), this theory is meritless and defies common sense—which the Supreme Court has directed courts to apply in weeding out implausible claims. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff's broad assertion that consumers "desire . . . to have snacks . . . which contain 'ingredients known to confer positive health benefits'" in order to "assuage their 'guilt of eating something "bad" for you'" (Opp'n at 9) does not plausibly suggest that consumers view Strawberry Pop-Tarts as a healthy treat. Common sense similarly dictates that consumers do not purchase Strawberry Pop-Tarts for their "nutrient density," their high level of vitamin C, or their antioxidant content. *See generally* Compl. ¶ 11–17. Plaintiff's allegation that consumers believe Strawberry Pop-Tarts have *any* of the nutritional benefits associated with fresh strawberries does not come close to satisfying *Iqbal*'s plausibility standard.

It is telling that Plaintiff cannot identify a *single* case that supports this theory of deception. In contrast, countless courts around the country have dismissed similar consumer fraud lawsuits based on unreasonable expectations about the "nutritional value" associated with a product.[7] *McKinnis v. Kellogg USA*, No. 07-2611, 2007 WL 4766060, at *3 (C.D. Cal. Sept. 19, 2007)

---

[7] *See also, e.g.*, *Solak*, 2018 WL 1870484, at *6–7 (holding that "[n]o reasonable consumer would . . . conclude that Defendant's processed straw snack would provide the same health benefits as the whole vegetables from which it is derived"); *Harris*, 2020 WL 4336390, at *1 (dismissing lawsuit brought by Plaintiff's counsel alleging that alkalized cocoa used in OREO cookies did not have the same "health benefits" as unalkalized cocoa); *Puri v. Costco Wholesale Corp.*, No. 21-1202, 2021 WL 6000078, at *7–8 (N.D. Cal. Dec. 20, 2021) (dismissing lawsuit brought by Plaintiff's counsel challenging representations that ice cream bars were coated in chocolate and noting that "it is simply not plausible that a reasonable consumer would purchase and eat chocolate covered ice cream bars for health or nutritive benefits or satiety value").

(dismissing lawsuit alleging that the labeling of Froot Loops falsely misled consumers as to its health and nutritional benefits). This Court should reach the same conclusion here.

**D. The use of red food coloring is not misleading.**

Plaintiff devotes exactly one sentence of her opposition brief to her theory that the use of red food coloring exaggerates the amount of strawberries in the filling. *See* Opp'n at 4 ("That the apple-strawberry-pear filling is colored red to create the impression of 'all strawberries' furthers the front label deception."). This single sentence, which is bereft of any argument or authority, ignores the wealth of case law dismissing similar lawsuits premised on the theory that the *color* of a product misled consumers about its ingredients.[8] To the contrary, the bright red color of the filling, which is stuffed into a pre-wrapped toaster pastry, undermines any impression that the filling consists exclusively of strawberries. *Cf. Werbel v. Pepsico, Inc.*, No. 09-4456, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010) (granting motion to dismiss and holding that no reasonable consumer would believe that "bright red" pieces of Crunch Berries cereal "even remotely resemble any naturally occurring fruit of any kind"). Plaintiff's allegation that the red color of the filling implies the presence of strawberries is entirely implausible, and this Court should reject it.

**II. Plaintiff Has Not Stated a Viable Breach of Warranty Claim.**

Plaintiff does not dispute that, when a breach-of-warranty claim is premised on a defendant's allegedly false advertising, that claim necessarily fails if the plaintiff cannot plausibly allege that the defendant's advertising is likely to deceive a reasonable consumer. *See Spector v.*

---

[8] *See, e.g.*, *Winston v. Hershey Co.*, No. 19-3735, 2020 WL 8025385, at *4 (E.D.N.Y. Oct. 26, 2020) (dismissing lawsuit alleging that the white packaging and color of White Reese's peanut butter cups constituted "false representations that the product contains white chocolate"); *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 17 (N.D. Cal. 2020) (dismissing similar lawsuit challenging labeling of "White Chips"); *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 336–37 (E.D.N.Y. 2018) (rejecting allegation that beet coloration of the defendant's juice blend implied that beets were the predominant ingredient in the product).

*Mondelēz Int'l, Inc.*, 178 F. Supp. 3d 657, 674 (N.D. Ill. 2016). Accordingly, because Plaintiff has not stated a plausible claim that the labeling of Strawberry Pop-Tarts falsely exaggerates the amount of strawberries in the filling, she has not stated a plausible breach-of-warranty claim either.

Plaintiff's breach-of-warranty claims also fail for lack of privity, as she alleges that she purchased Strawberry Pop-Tarts at "stores" such as Jewel-Osco.[9] Compl. ¶ 58. While Plaintiff claims that her allegations "satisf[y] the 'direct-dealing' exception" to the "strict privity" requirement (Opp'n at 10), Illinois law does not extend this purported exception to cases involving ordinary purchases of consumer goods from a retailer. *See, e.g.*, *Manley*, 417 F. Supp. 3d at 1124 (declining to apply the "direct dealing" exception when the plaintiff "allege[d] she picked [the product] up off the shelf at a TJ Maxx"); *Guajardo v. Skechers USA, Inc.*, 503 F. Supp. 3d 746, 753 (C.D. Ill. 2020) (declining to apply the "direct dealing" exception to false advertising claim against shoe manufacturer and dismissing breach of warranty claim for lack of privity). Nor is Plaintiff correct that privity is a "fact-intensive" question unsuited to the motion to dismiss stage. Opp'n at 10 (citing *Elward v. Electrolux Home Prods., Inc.*, 214 F. Supp. 3d 701, 705 (N.D. Ill. 2016) (internal quotation marks omitted). To the contrary, Plaintiff's *own allegations* make clear that she purchased Strawberry Pop-Tarts from a retailer and that she is not in privity with Kellogg.

Plaintiff's breach-of-warranty claims independently fail for lack of pre-suit notice. *See generally* 810 ILCS 5/2-607(3)(a). Relying solely on *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 155 F. Supp. 2d 1069 (S.D. Ind. 2001), Plaintiff claims that the filing of a lawsuit is sufficient to satisfy the UCC's notice requirement. *See* Opp'n at 10–11. But *In re Bridgestone/Firestone* did not apply Illinois law, and countless courts in Illinois have made clear

---

[9] Plaintiff does not dispute the general rule that, "under Illinois law," she "must prove privity of contract before [she] can recover economic damages for breaches of express and implied warranty claims." *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 740 (N.D. Ill. 2015) (citation omitted).

that a plaintiff must provide notice *before* filing a breach-of-warranty claim.[10] And while Plaintiff suggests that she did not need to provide pre-suit notice because Kellogg had actual knowledge of its own labeling practices, the Illinois Supreme Court has made clear that this is not sufficient to satisfy the notice requirement. *See Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 590 (Ill. 1996) ("[T]he notice requirement of section 2-607 is satisfied only when the manufacture is somehow apprised of the trouble with the *particular product* purchased by a *particular buyer*.") (emphasis added). Absent any allegation that Plaintiff provided Kellogg with notice of *her claim* prior to filing this lawsuit, her breach-of-warranty claims necessarily fail.

Finally, Plaintiff claims that Kellogg waived its defenses to Plaintiff's claim under the Magnuson-Moss Warranty Act ("MMWA") by addressing it in a footnote. *See* Opp'n at 11. But Plaintiff does not—and cannot—dispute that she must plead a viable breach-of-warranty claim under state law to plead a claim under the MMWA. *See Schiesser v. Ford Motor Co.*, No. 16-730, 2016 WL 6395457, at *4 (N.D. Ill. Oct. 28, 2016). Because Plaintiff has not pleaded a plausible breach-of-warranty claim under Illinois law, her MMWA claim necessarily fails as well.

## III. **Plaintiff's Remaining Common-Law Claims Are Also Fatally Defective.**

Plaintiff does not dispute that she cannot plead a viable claim for common-law fraud, negligent misrepresentation, or unjust enrichment without plausibly alleging that Kellogg's labeling is deceptive—which she has not done. Furthermore, all three claims suffer from independent defects that require their dismissal.

Common-Law Fraud. Leaving aside her failure to state a plausible claim of deception, Plaintiff's common-law fraud claim fails because she has alleged no facts that suggest that Kellogg

---

[10] *See, e.g.*, *Ibarrola v. KIND, LLC*, 83 F. Supp. 3d 751, 759–60 (N.D. Ill. 2015); *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 715 (N.D. Ill. 2020); *Jones v. Apple, Inc.*, No. 15-249, 2016 WL 11647699, at *4–5 (S.D. Ill. Aug. 22, 2016).

acted with an intent to defraud consumers, as opposed to an ordinary motivation to increase sales and profits. *See Davis v. SPSS, Inc.*, 385 F. Supp. 2d 697, 714 (N.D. Ill. 2005) (noting that a defendant's desire to increase sales and profits does not establish scienter because these are "basic motivations not only of fraud, but of running a successful corporation"). Although Plaintiff asserts that Rule 9(b) does not require her to plead scienter with particularity (*see* Opp'n at 12), *Iqbal* makes clear that allegations regarding a defendant's "state of mind" must still be *plausible*. 556 U.S. at 683. Because Plaintiff has pleaded no facts that plausibly suggest Kellogg acted with scienter, she has not stated a claim for common-law fraud.

Negligent Misrepresentation. In Illinois, "[t]he economic loss rule generally prohibits recovery in tort for solely economic loss." *In re Rust-Oleum Restore Mktg., Sales Practices & Prods. Liab. Litig.*, 155 F. Supp. 3d 772, 824 (N.D. Ill. 2016) (citing *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 450 (Ill. 1982)). Relying on *Congregation of the Passion v. Touche Ross & Co.*, 636 N.E.2d 503 (Ill. 1994), Plaintiff asserts that the economic loss rule does not apply because she has alleged a "special relationship" with Kellogg. Opp'n at 12. But as Illinois courts have made clear, that exception "only applies to professional malpractice claims where the ultimate result of the defendant's work is intangible"—not to consumer fraud cases involving the "sale of products." *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518, 530 (N.D. Ill. 2011). The economic loss rule accordingly bars Plaintiff's negligent misrepresentation claim.

Unjust Enrichment. Plaintiff suggests that, to the extent she "cannot satisfy the ICFA, warranty, or common law claims," the Court may nonetheless "hold that the unjust enrichment claim is viable." Opp'n at 13. But because her single-sentence claim for unjust enrichment is "predicated on the same allegations of fraudulent conduct that support an independent *claim* of fraud," that claim necessarily fails if her other substantive claims fail. *Ass'n Benefit Servs., Inc. v.*

*Caremark RX, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007); *see also Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) (noting that an unjust enrichment claim "will stand or fall" with the plaintiffs' other substantive claims). Even if Plaintiff is correct that she is entitled to plead in the alternative, she has not articulated how her unjust enrichment claim could survive if her other claims against Kellogg fail. This Court should accordingly dismiss her unjust enrichment claim.

## IV.     This Court Should Dismiss Plaintiff's Claim for Injunctive Relief.

Even if Plaintiff's claims were sufficiently plausible to survive dismissal (which they are not), she is not entitled to seek injunctive relief because she "is now aware of [Kellogg's] sales practices" and is therefore "not likely to be harmed by the practices in the future," *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014); *see also Mednick v. Precor, Inc.*, No. 14-3624, 2016 WL 5390955, at *8 (N.D. Ill. Sept. 27, 2016) (collecting cases applying this rule to dismiss similar requests for injunctive relief). Plaintiff's arguments to the contrary are unavailing.

Relying primarily on *Le v. Kohls Department Stores, Inc.*, 160 F. Supp. 3d 1096, 1111 (E.D. Wis. 2016), Plaintiff asserts that she has standing to seek injunctive relief because she has alleged that Kellogg continues to mislabel its Strawberry Pop-Tarts. Opp'n at 14. But the relevant question is not whether Kellogg's practices are likely to continue; instead, it is whether Plaintiff— the party seeking injunctive relief—has alleged "a sufficient likelihood that she will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). In other words, "whether a defendant continues its allegedly deceptive trade practices is irrelevant: What matters is whether a plaintiff is likely to be harmed by them again." *Guarjardo v. Skechers USA, Inc.*, No. 19-4104, 2021 WL 4302532, at *7 (C.D. Ill. Sept. 21, 2021). Because Plaintiff has not plausibly alleged that *she* faces any "risk of future harm," there is accordingly "no basis for an injunction." *Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687, 703 (N.D. Ill. 2020).

Plaintiff then asserts she has standing to seek injunctive relief because she "intends to, seeks to, and will purchase the Product again when she can do so with the assurance that the Product's representations are consistent with its components." Opp'n at 14 (citation and internal quotation marks omitted). But the converse is also true: because Plaintiff's complaint "fail[s] to allege that [she is] likely to repurchase the products" as currently labeled or formulated, she lacks standing to seek injunctive relief. *Tarzian v. Kraft Heinz Foods Co.*, No. 18-7148, 2019 WL 5064732, at *4 (N.D. Ill. Oct. 9, 2019); *see also, e.g.*, *McNair v. Synapse Grp., Inc.*, 672 F.3d 213, 224 – 25 (3d Cir. 2012) (noting that the possibility that the plaintiff and other class members "may, one day, become . . . customers once more" is insufficient to establish standing). And because a plaintiff who "knows that a product is deficient" is generally "unlikely to purchase it again," she is therefore "unlikely to sustain future harm" and therefore "does not need an injunction." *Geske*, 503 F. Supp. 3d at 702. That principle squarely forecloses Plaintiff from seeking injunctive relief.

Finally, Plaintiff cites *Leiner v. Johnson & Johnson Consumer Cos.*, 215 F. Supp. 3d 670 (N.D. Ill. 2016) for the proposition that she can seek injunctive relief even if she is unlikely to purchase Strawberry Pop-Tarts again. *See* Opp'n at 15. But *Leiner* is an outlier, and its focus on the purported "public policy concern" associated with preventing consumers from seeking injunctive relief is "trumped by the constitutional requirement of standing." *Mednick*, 2016 WL 5390955, at *9; *see also, e.g.*, *McDonnell v. Nature's Way Prods., LLC*, No. 16-5011, 2017 WL 1149336, at *2 n.3 (N.D. Ill. Mar. 28, 2017) (noting that *Leiner* was inconsistent with *Camasta* and declining to follow it). This Court should reach the same result here.

## CONCLUSION

Kellogg respectfully requests that the Court dismiss Plaintiff's lawsuit with prejudice.

Dated:  January 14, 2022

Respectfully submitted,

By:  /s/ Dean N. Panos
    Dean N. Panos (ARDC No. 6203600)
    JENNER & BLOCK LLP
    353 N. Clark Street
    Chicago, IL 60654-3456
    Telephone:  (312) 923-2765
    Facsimile:  (312) 527-0484
    dpanos@jenner.com

    Attorneys for Defendant
    Kellogg Sales Company

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a copy of the foregoing document was filed on January 14, 2022 with the Clerk of the Court by using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

Dated:  January 14, 2022                    By: _____ /s/ Dean N. Panos_____
                                                                  Dean N. Panos

17